IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-171-CR





CHAE ANTONIDES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, 



NO. 354-109, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING





 





PER CURIAM

 A jury found appellant guilty of prostitution. Tex. Penal Code Ann. § 43.02 (West
1989). The county court at law assessed punishment at incarceration for 180 days and a $1000
fine, but suspended imposition of sentence and placed appellant on probation.

 Appellant's only point of error is that the court should have granted her motion for
mistrial after the prosecutor said during jury argument, "Prostitution is a small offense, but it
leads to bigger things, and that is what the officer told you. It leads to money laundering, drugs --
." Appellant argues that this argument was outside the record and improperly suggested that she
was involved in money laundering and illicit drugs.

 Appellant did not present this argument to the trial court. Tex. R. App. P. 52(a). 
Appellant's trial objection was that "[t]he prosecutor is violating the Motion in Limine." The
objection referred to a motion in limine filed by appellant and granted before trial began
instructing the State to refrain from mentioning "[a]ny purported link of prostitution or sexually-oriented businesses to drugs or any other criminal activity" without first approaching the bench
and obtaining a ruling outside the hearing of the jury. The court did not rule on the objection,
but the prosecutor immediately withdrew the statement. At appellant's request, the court
instructed the jury to disregard the statement, but overruled her motion for mistrial.

 Even if appellant's failure to preserve error is disregarded, reversible error is not
presented. The prosecutor's argument was not outside the record. Two police officers testified
that prostitution and money laundering are closely connected, and one officer testified that the
owner of the massage parlor at which the offense took place was under investigation by federal
authorities for suspicion of money laundering. In addition, the challenged remark was made only
after defense counsel, in his argument, said that appellant had stumbled into a much larger case
involving organized crime and money laundering. We believe that the prosecutor's remark, if
error, was not so prejudicial as to be incurable by an instruction to disregard. The point of error
is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: October 6, 1993

[Do Not Publish]